# United States District Court

-------------------------- DISTRICT OF SOUTH DAKOTA --------------------------
SOUTHERN DIVISION

FILED
APR 2 6 2006


CLERK

UNITED STATES OF AMERICA,

        Plaintiff,

        v.

MAX BOLDEN a/k/a "Mini Me," a/k/a "Mini-Man,"

        Defendant.

**ORDER OF DETENTION**

CASE NUMBER: CR. 06-40033-03

    This matter came before the court for an initial appearance, arraignment and detention hearing on the Indictment in the above matter on Wednesday, April 26, 2006. The defendant, Max Bolden, appeared in person and by his counsel, Gary Conklin. The United States appeared by Assistant United States Attorney, John Haak.

    In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

[X]  (1)  There is probable cause to believe that the defendant has committed an offense

      [X]  for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 841(a)(1), 846, and 856(a)(1) and 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2.
      [ ]  under 18 U.S.C. §924(c).

[X]  (2)  The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

## Part II - Written Statement of Reasons for Detention

    I find that the credible testimony and information submitted at the hearing establishes that:

    Defendant is charged with a federal drug offense carrying a penalty of ten years or more. The drug offender presumption, therefore, arises, i.e., it is presumed that no condition or combination of conditions of release will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. § 3142(e).

    Defendant has been indicted by the grand jury so there is probable cause to believe that defendant has committed the offenses with which he is charged. The maximum penalty in this case could be life imprisonment and/or a $4 million dollar fine.

Based on the information contained in the pretrial services report, and given the nature of the crimes alleged in the Indictment, I find there currently is no condition or combination of conditions of release that will reasonably assure the safety of other persons in the community from similar offenses or the defendant's presence at further proceedings. My conclusion is based upon the presumption, and also based on the clear and convincing proof of facts which support the order of detention without relying on the presumption by itself.

In reaching these decisions, I have considered:

(1) the nature and circumstances of the offense charged;

(2) the weight of the evidence against the defendant;

(3) the defendant's history and personal characteristics, including the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in this community, community ties, past conduct, criminal history, as well as court appearance record; and

(4) the nature and seriousness of the danger posed to other persons in the community if defendant were to be released.

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: 4/26/06, 2006

John E. Simko, United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _____ Deputy

(SEAL)